UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| ANTONIO LEE HENDERSON, | : CASE NO. 1:19-CV-00678 |
| Plaintiff, | : |
| vs. | : OPINION & ORDER |
|  | : [Resolving Doc. No. 1] |
| CORRECTIONS CORPORATION OF AMERICA nka CORE CIVIC, et al., | : |
| Defendants. | : |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Antonio Lee Henderson filed this action against Corrections Corporation of America, nka Core Civic, Lake Erie Correctional Institution (LECI) Corrections Officer Mr. Beeler, LECI Shift Captain Gary Carter, and LECI Employee P. Sackett. Plaintiff alleges Beeler searched his cell and disposed of legal materials and medications. He claims this action violated his Fifth, Eighth and Fourteenth Amendment rights. He also asserts state law claims of negligence and intentional infliction of emotional distress. He seeks monetary damages.

Plaintiff alleges Beeler came to his cell at LECI at 11:30 p.m. on October 9, 2018 and began to search it. In the process, he opened Plaintiff's locker box and began to place its contents, including legal materials, into a trash bag. He claims he objected and Beeler responded by placing Plaintiff's medications into the bag as well. Plaintiff filed a theft report and an informal complaint to initiate the grievance process. He states Carter responded to the

informal complaint stating the medication was confiscated because it was over a year old. Plaintiff disputes this explanation, stating he has not been in prison for a year. Sackett denied his grievance stating it had already been addressed in another grievance. Plaintiff claims these actions constitute cruel and unusual punishment and denied him due process.

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

As an initial matter, Plaintiff does not allege enough facts to suggest Core Civic, Carter or Sackett can be held liable under 42 U.S.C. § 1983. The acts which form the basis of Plaintiff's Complaint allegedly were committed by Beeler. Core Civic appears to named as a

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

2

Defendant because it employs Beeler. An employer, however, cannot be held liable under § 1983 for the actions of an employee. It can only be held liable for its own actions through its official customs or policies.[7] Plaintiff does not suggest Beeler was acting in accordance with an official custom or policy of Core Civic when he conducted the search of Plaintiff's cell.

Similarly, Plaintiff's only allegations against Carter and Sackett pertain to their responses to his grievances. Responding to a grievance or otherwise participating in the grievance procedure, however, is insufficient to trigger liability under § 1983.[8]

Plaintiff fails to state a claim upon which relief can be granted under § 1983 against Beeler. He first contends Beeler subjected him to cruel and unusual punishment by placing legal materials and medications into the trash. The Supreme Court provided a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment.[9] A Plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred.[10] Seriousness is measured in response to "contemporary standards of decency."[11] Routine discomforts, annoyances, or inconveniences of prison life do not suffice.[12] Only deliberate indifference to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment.[13] A Plaintiff must also establish a subjective element showing the prison officials acted with deliberate indifference to the

---

[7] *Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978).
[8] *Shehee v. Luttrell*, 199 F.3d. 295, 300 (6th Cir. 1999).
[9] *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).
[10] *Id.*
[11] *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).
[12] *Id*.
[13] *Id*. at 9.

3

Plaintiff's health or safety.[14] Deliberate indifference "entails something more than mere negligence."[15] This standard is met if "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."[16] A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met.[17]

In this case, the actions as described by Plaintiff do not present an objectively serious threat to his health or safety. Placing legal material in the trash may be an annoyance or even a substantial inconvenience to Plaintiff but that action did not compromise his safety or deprive him of basic food, clothing and shelter. Although deprivation of medication could possibly state an Eighth Amendment claim, Plaintiff's allegations concerning the medication are so vague that the claim never rises from a possible one to a plausible one. A medical condition must be sufficiently serious to fall within the Eighth Amendment's protection. In that regard, there's a distinction between medical complaints that seek relief from symptoms for comfort or cosmetic purposes, and those which require immediate medical treatment to avoid life threatening situations or which post a risk of needless pain or lingering disability. Plaintiff provides no factual allegations suggesting what type of medication was placed in the trash, why he was taking or had taken the medication, and what, if any, injury he sustained without the medication. Plaintiff does not allege facts suggesting the deprivation of medication rose to the level of an Eighth Amendment violation.

---

[14] *Wilson*, 501 U.S. at 302-03.
[15] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)
[16] *Flanory v. Bonn*, 604 F.3d 249, 253-55 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 837).
[17] *Farmer*, 511 U.S. at 835.

Plaintiff also fails to allege facts to support a violation of the Fourteenth Amendment for deprivation of property without due process. Section 1983 was not meant to supply an exclusive federal remedy for every alleged wrong committed by state officials. Rather, the statute is a remedy for only those wrongs which offend the Constitution, in this case its prohibition against property deprivation without procedural due process. To state a claim for relief, Plaintiff must not only demonstrate he was deprived of property, but he must also attack the state's procedure for correcting that deprivation. Plaintiff must plead and prove that state remedies for redressing the wrong are inadequate.[18] A remedy is available in the Ohio Court of Claims.[19] Plaintiff does not allege this remedy would be inadequate to redress the property deprivation.

Finally, Plaintiff asserts claims under Ohio tort law for intentional infliction of emotional distress and negligence. State employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the ... employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless ... the ... employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."[20] However, the Ohio Court of Claims has the "exclusive, original jurisdiction to determine, initially, whether the ... employee is entitled to personal immunity under section 9.86 ...."[21] Federal courts, including this Court, cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86.[22]

---

[18] *Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).
[19] *See Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).
[20] OHIO REV. CODE § 9.86.
[21] OHIO REV. CODE § 2743.02(F).
[22] *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989).

Unless and until the Ohio Court of Claims decides that Defendants may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider the state law claims asserted against them.

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[23]

IT IS SO ORDERED.

Dated: August 13, 2019          *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[23] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.